UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD COHEN,<br><br>       Plaintiff,<br><br>  vs.<br><br>LYONDELLBASELL INDUSTRIES N.V.,<br><br>       Defendant. | Case No.:<br><br>**COMPLAINT** |

Plaintiff Edward Cohen ("Plaintiff"), by his undersigned attorneys, alleges, based upon personal knowledge as to himself and his own acts and on information and belief as to all other matters which is based upon filings made by LyondellBasell Industries N.V. ("LyondellBasell" or the "Company") with the U.S. Securities and Exchange Commission ("SEC"), as follows:

## NATURE OF THE ACTION

1. On April 9, 2019, LyondellBasell filed with the SEC and furnished to the Company's shareholders a definitive proxy statement (the "Proxy Statement" or "Solicitation") with respect to an annual meeting (the "Annual Meeting') scheduled to take place on May 31, 2019. A true and correct copy of the Solicitation is attached hereto as Exhibit 1. The tenth item of business ("Proxy Item 10") contained in the Proxy Statement seeks shareholder action, by way of a vote, to "[a] Approve certain amendments to the LyondellBasell Industries Long Term Incentive Plan" (the "LTIP" or "Plan").

2. The proxy rules issued by the SEC "have the force and effect of law." *Batterton v. Francis*, 432 U.S. 416, 425 n.9 (1977). However, in seeking shareholder approval of Proxy Item 10, as alleged in greater detail below, the Company failed to comply with the disclosure requirements of Schedule 14A promulgated under the Securities Exchange Act of 1934 (the

"Exchange Act"), 17 C.F.R. § 240.14a-101 ("Schedule 14A"), which governs proxy solicitation. Specifically, Item 10(a)(1) of Schedule 14A requires, *inter alia*, that "[i]f action is to be taken with respect to any [compensation] plan pursuant to which cash or noncash compensation may be paid or distributed[,]" certain further information must be furnished.

3. Proxy Item 10 of the Proxy Statement does not comply with the SEC's disclosure requirements for proxy statements, codified at Item 10(a)(1) of Schedule 14A. Accordingly, Plaintiff, a LyondellBasell shareholder whose vote is being solicited through the Proxy Statement, is bringing this direct action under Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), and the rules and regulations of the SEC to enjoin a vote by the Company's shareholders on Proxy Item 10 until the defects in the Solicitation are cured.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

5. In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

6. Venue is proper in this District because, as allowed under Section 27(a) of the Exchange Act, this District is where the violation at issue occurred as numerous Solicitations were or will be mailed to LyondellBasell shareholders residing in this District. LyondellBasell also trades on the New York Stock Exchange (the "NYSE"), which is based in New York.

## PARTIES

7. Plaintiff, a LyondellBasell shareholder as of May 3, 2019 (the "Record Date"), is entitled to notice of, to participate in, and to vote at the Annual Meeting.

8. LyondellBasell is a global, independent chemical company and was incorporated under Dutch law on October 15, 2009. The Company's common stock trades on the NYSE under

the ticker "LYB" and as of April 5, 2019, there were 370,324,140 shares of LyondellBasell common stock outstanding and entitled to vote at the Annual Meeting.

## WRONGFUL ACTS AND OMISSIONS

9. LyondellBasell has scheduled its Annual Meeting for May 31, 2019, and the Record Date to vote on the proposals in the Solicitation as May 3, 2019.

10. LyondellBasell's Board of Directors "recommends that [shareholders] vote FOR the proposal to amend and extend the LyondellBasell Industries Long Term Incentive Plan.

11. The purpose of the Plan, which would become effective immediately upon shareholder approval, "is to further the long-term growth of the Company by offering competitive incentive compensation related to long-term performance goals to those employees who will be largely responsible for planning and directing such growth, to reinforce the commonality of interest between the Company's shareholders and the participants in the LTIP, and to aid in attracting and retaining employees with outstanding abilities and specialized skills."

12. The Solicitation states, with respect to Proxy Item 10, in part, that:

> The LyondellBasell Long Term Incentive Plan (the "LTIP" or "Plan") was amended and approved by shareholders at the Company's 2012 annual general meeting and most recently re-approved by shareholders for purposes of section 162(m) of the Code in 2017. The LTIP provides for the grants of awards to eligible employees and directors in the form of stock options, RSUs, PSUs, restricted stock awards, stock appreciation rights ("SARs"), cash awards, and other stock awards.

> In February 2019, the Board approved certain amendments to the LTIP to (i) remove the expiration date of the Plan so that it continues as long as shares remain available for issuance and (ii) update the LTIP to explicitly provide for corporate governance and compensation best practices (already being applied by the Company), including prohibiting the repurchase or cancellation ("cashing out") of underwater options and providing a minimum vesting period of one year to awards granted under the Plan, subject to certain exceptions described below.

We are not asking for the approval of any additional shares under the LTIP.

The following summary provides an overview of certain material terms of the LTIP, as proposed to be amended, and is subject in all respects to the full text of the LTIP, as set forth in Appendix B to this proxy statement.

**PROPOSED AMENDMENTS TO THE LTIP**

*Extension of Term.* The LTIP was initially approved in April 2010 in connection with the Company's emergence from bankruptcy proceedings and provided for an initial 10-year term ending April 30, 2020. As of April 5, 2019, there are approximately 4.2 million shares still available for issuance under the Plan, and we are therefore asking shareholders to approve the extension of the term of the Plan for so long as the previously approved shares remain available for issuance.

*No Cash-Out of Underwater Options.* Stock options or SARs issued under the Plan may not be repurchased by the Company at a time when the exercise price of the option or SAR is less than the fair market value of the underlying shares. For purposes of the plan, "fair market value" means the closing price of our shares as reported on the NYSE.

*One-Year Minimum Vesting Condition.* All awards granted under the LTIP will be subject to a one-year minimum vesting condition, other than (i) awards that vest in connection with a participant's death, disability, retirement, or involuntary termination not for Cause or upon a Change in Control of the Company and (ii) awards representing less than 5% of shares remaining available for issuance under the Plan as of the effective date of its amendment and restatement.

13. Proxy Item 10 fails to provide legally required information because it provides insufficient information for LyondellBasell shareholders to understand how many participants are eligible to participate in the Plan despite the fact that Item 10(a)(1) requires that:

> If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:
>
> **(a)** *Plans subject to security holder action.*

> **(1)** Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

14. Instead of providing the "approximate number of persons in each such class" as required by Item 10(a)(1), Proxy Item 10 tells LyondellBasell's shareholders the following about who may receive these awards:

> **ELIGIBILITY FOR PARTICIPATION**
>
> All regular employees of the Company and its subsidiaries and Board members are eligible to participate in the LTIP, if selected by the Compensation Committee.

15. The above excerpt merely states categories of persons, but fails to state or explain how many persons are in each of those categories.

16. Proxy Item 10 provides no information regarding how many participants may be awarded the compensation from the Plan that shareholders are being asked to approve.

17. As a result of the above defects, the Solicitation does not identify how many participants in each class of persons who will be eligible to participate in the Plan may be awarded the approximately 4.2 million shares of LyondellBasell common stock that may be issued if Proxy Item 10 is approved (worth approximately $363 million) that shareholders are being asked to approve.

18. The preceding paragraphs state a direct claim for relief against LyondellBasell under Section 14(a) for acting in contravention of the rules and regulations prescribed by the SEC.

19. As a result of these actions, Plaintiff will be injured. Plaintiff has no adequate remedy at law. He will suffer irreparable harm if no action is taken to prevent this harm because, in addition to being forced to vote without this information, the Plan allows for the issuance of

5

almost five million shares of common stock to be granted to an unknown number of persons who qualify as eligible.

20. If these defects are not cured, it is necessary for the Court to take action to enjoin the vote on Proxy Item 10 beforehand to prevent shares from being distributed to participants based on an uninformed vote that lacks proper and informed shareholder approval because unwinding awards following the Annual Meeting would be impracticable.

21. To prevent injury, injunctive relief is required in the form of the Court ordering that a supplemental proxy statement that complies with Schedule 14A, Item 10(a)(1), and which is timely furnished to shareholders.

22. LyondellBasell should be enjoined from presenting Proxy Item 10for a shareholder vote at the Annual Meeting or certifying or otherwise accepting any vote cast in connection with Proxy Item 10 unless the appropriate disclosures are timely furnished.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor, and against LyondellBasell, as follows:

(A) A preliminary and permanent injunction, enjoining LyondellBasell from:

    i. certifying or otherwise accepting any vote cast, by proxy or in person, in connection with Proxy Item 10unless a supplemental proxy statement that complies with 17 C.F.R. § 240.14a-101, Item 10(a)(1) is timely furnished to shareholders; and

    ii. presenting Proxy Item 10 for a shareholder vote at the Annual Meeting unless a supplemental proxy statement that complies with 17 C.F.R. § 240.14a-101, Item 10(a)(1) is timely furnished to shareholders;

(B) A preliminary and permanent injunction requiring LyondellBasell to furnish a supplemental proxy statement with the information required by 17 C.F.R. § 240.14a-101, Item 10(a)(1) that is cured of material disclosure defects pursuant to Section 14(a);

(C) Awarding Plaintiff reasonable attorney's fees and expenses incurred in bringing this action and in creating a benefit for all of LyondellBasell's shareholders to the extent that a common benefit is conferred, and;

(D) Granting such other and further relief as this Court may deem just and proper.

Dated: May 3, 2019

**ABRAHAM, FRUCHTER & TWERSKY, LLP**

 /s/ Michael J. Klein
Michael J. Klein
One Penn Plaza, Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
mklein@aftlaw.com

**Attorneys for Plaintiff**